JUSTIN M. HEILIG
HILL RIVKINS LLP
45 Broadway, Suite 2110
New York, NY 10006
Tel: (212) 669-0600
Fax: (212) 669-0698
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NEW YORK MARINE & GENERAL INSURANCE COMPANY, | |
| Plaintiff, | Case No. 22-cv-6688 |
| - against - | **COMPLAINT** |
| AIR CHINA CARGO CO., LTD., | |
| Defendant. | |

Plaintiff New York Marine & General Insurance Company ("New York Marine"), by and through its attorneys Hill Rivkins LLP, as and for its Complaint against Defendant Air China Cargo Co., Ltd. ("Air China"), alleges upon information and belief as follows:

1. This action arises from loss or damage to a shipment of KN95 protective face masks (the "Cargo") transported by international air carriage from China to the United States in October 2021.

2. This Honorable Court has jurisdiction pursuant to 28 USC § 1331, in that the action is governed by the Convention for the Unification of Certain Rules for

1

International Carriage by Air, done at Montreal on 28 May 1999 (entered into force Nov. 4, 2003), S. Treaty Doc. No. 106-45, commonly known as the "Montreal Convention."

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and/or Article 33.1 of the Montreal Convention insofar as: Air China operates in this District and is subject to the personal jurisdiction of this Honorable Court; a substantial part of the events or omissions giving rise to New York Marine's claims occurred here; and John F. Kennedy International Airport ("JFK") was the airport of destination for the shipment at issue.

4. At all times relevant hereto, Plaintiff New York Marine was and now is a New York domiciled insurance company, with an office and place of business at 107 Greenwich Street, 16th Floor, New York, NY 10006.

5. At all times relevant hereto, Defendant Air China was and now is a corporation organized and existing by virtue of foreign law, registered to do business within the State of New York as a foreign business corporation, with an office and place of business at Building 261, Room 312, North Boundary Road, Jamaica, NY 11430.

6. At all times relevant hereto, Defendant Air China was and now is engaged in business as a common air carrier of goods for hire, issuing air waybills for the international carriage of goods aboard aircraft.

7.	In or about October 2021, the Cargo was tendered to and delivered into the care, custody, and control of Defendant Air China (and/or its servants, agents, and/or subcontractors) in good order and condition, and suitable in every respect for the intended transportation, which Defendant Air China received, accepted, and agreed to transport for certain consideration by air carriage from Shenzhen, PRC to New York, NY under air waybill no. 999-61349551.

8.	Thereafter, Air China (and/or its servants, agents, and/or subcontractors) delivered the Cargo upon arrival at JFK in wetted and damaged condition.

9.	By reason of the premises, Defendant Air China (and/or its servants, agents, and/or subcontractors, for whom Defendant Air China is responsible) failed to deliver the Cargo at destination in the same good order and condition as it was received; breached its duties and obligations as an air carrier and/or bailee of the Cargo; was negligent and careless in its handling of the Cargo; and was otherwise at fault for the loss or damage described herein.

10.	Following delivery, the consignee and/or owner of the Cargo submitted an insurance claim to Plaintiff New York Marine under a policy then in full force and effect for the loss or damage to the Cargo, which Plaintiff New York Marine paid.

11.	By virtue of its payment to the consignee and/or owner of the Cargo, Plaintiff New York Marine became subrogated to all of their respective rights, remedies, and

claims for relief with respect to the Cargo, including those asserted against Defendant Air China herein.

12. Plaintiff New York Marine brings this action on its own behalf and, as agent and trustee, on behalf of all parties who are or may become interested in the Cargo, as their respective interests may ultimately appear, and Plaintiff New York Marine is entitled to maintain this action.

13. All obligations and conditions precedent to suit have been performed by Plaintiff New York Marine, its insureds, and/or subrogors, including but not limited to the payment of freight and the submission of timely written notice to Defendant Air China of the loss and damage to the Cargo pursuant to Article 31 of the Montreal Convention.

14. Plaintiff New York Marine has sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the amount of $77,564.53.

    **WHEREFORE**, Plaintiff New York Marine prays:

    (i) that process in due form of law according to the practice of this Court may issue against Defendant Air China, citing it to appear and answer the foregoing;

(ii) that a judgment may be entered against Defendant Air China in the amount of $77,564.53, together with costs, interest, and reasonable attorney's fees; and

(iii) for such other and further relief as this Court may deem just and proper under the circumstances.

Dated: New York, New York
November 3, 2022

HILL RIVKINS LLP, *Attorneys for*
New York Marine & General Ins. Co.

By: /s/ Justin M. Heilig

Justin M. Heilig
45 Broadway, Suite 2110
New York, New York 10006
Tel: (212) 669-0600
Fax: (212) 669-0698
Email: jheilig@hillrivkins.com